UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
——————————————————————————

JAI DAVID ORTIZ, a/k/a Jayson Torres,

                    Plaintiff,

                                                    9:16-CV-756
v.                                                  (GTS/CFH)

NUNZIO E. DOLDO, Super., Cape Vincent C.F.;
STANLEY STEVECKIS, Corr. Sgt., Cape Vincent
C.F.; ALLEN, Corr. Area Sgt., Cape Vincent C.F.;
MCAULIFFE, Sec. Superv., Cape Vincent C.F.,
f/k/a John Doe; S. DAWLEY, Corr. Officer, Cape
Vincent C.F.; KEVIN RYDER, Corr. Officer, Cape
Vincent C.F.; DR. RAMINENI,

                    Defendants.
——————————————————————————

APPEARANCES:                                        OF COUNSEL:

JAI DAVID ORTIZ
  Plaintiff, *Pro Se*
160 Bay Ridge Parkway
Ground Floor
Brooklyn, New York 11209

HON. BARBARA D. UNDERWOOD                           KEITH J. STARLIN, ESQ.
Attorney General for the State of New York          Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* prisoner civil rights action filed by Jai David

Ortiz ("Plaintiff") against the seven above-captioned employees of the New York State

Department of Corrections and Community Supervision ("Defendants") alleging violations of

his constitutional rights under the First and Eighth Amendment as well as his rights to attorney-

client privilege, are the following: (1) Defendants' motion for summary judgment; and (2) United States Magistrate Judge Christian F. Hummel's Report-Recommendation recommending that (a) to the extent that the Court construes Defendants' motion as one for partial summary judgment (i.e., that it regards all claims except Plaintiff's First Amendment retaliation claim against Defendant Dawley arising from the incident of July 13, 2015, and Plaintiff's Eighth Amendment excessive-force claim against Defendant Dawley also arising from the incident of July 13, 2015), the Court grants that motion, and (b) to the extent that the Court construes Defendant's motion as one for summary judgment in its entirety, the Court grants the motion except with regard to the aforementioned First Amendment retaliation claim and Eighth Amendment excessive-force claim against Defendant Dawley.  (Dkt. Nos. 59, 64.) The parties have not filed objections to the Report-Recommendation, and the deadline by which to do so has expired.  (*See generally* Docket Sheet.)

After carefully reviewing the relevant papers herein, including Magistrate Judge Hummel's thorough Report-Recommendation, the Court can find no clear-error in the Report-Recommendation.[1] Magistrate Judge Hummel employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein; Defendants' motion is construed as one for partial summary judgment; Defendants' motion is granted; and surviving

---

[1]     When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

Defendants' motion are (1) Plaintiff's First Amendment retaliation claim against Defendant Dawley arising from the incident of July 13, 2015, and (2) Plaintiff's Eighth Amendment excessive-force claim against Defendant Dawley also arising from the incident of July 13, 2015.

      **ACCORDINGLY**, it is

      **ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 64) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

      **ORDERED** that Defendants' motion for partial summary judgment (Dkt. No. 59) is **GRANTED**; and it is further

      **ORDERED** that **SURVIVING** Defendants' motion are the following two claims:

      (1) Plaintiff's First Amendment retaliation claim against Defendant Dawley arising from the incident of July 13, 2015; and

      (2) Plaintiff's Eighth Amendment excessive-force claim against Defendant Dawley also arising from the incident of July 13, 2015; and it is further

      **ORDERED** that Pro Bono Counsel be appointed for the Plaintiff for purposes of trial only; any appeal shall remain the responsibility of the plaintiff alone unless a motion for appointment of counsel for an appeal is granted; and it is further

      **ORDERED** that upon assignment of Pro Bono Counsel, a pretrial conference with counsel will be scheduled in this action, at which time the Court will schedule a trial date. The parties are directed to appear at that pretrial conference with settlement authority.

Dated: December 7, 2018
      Syracuse, New York

Hon. Glenn T. Suddaby
Chief United States District Judge